UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AGAPE LITIGATION<br><br>This Document Relates To:<br><br><br>All Actions | Master File No:<br>09-CV-1606 |

**MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION FOR ENTRY OF JUDGMENT**

LOUIS F. BURKE, P.C.
LOUIS F. BURKE
460 Park Avenue, 21st Floor
New York, NY:  10022
Telephone:  212/682-1700
212/808-4280 (fax)

*Co-Lead Counsel For Plaintiffs*

*[Additional Counsel on Signature Page]*

## I. INTRODUCTION

Federal Rule of Civil Procedure 54(b) permits certification of a final judgment where there are multiple claims or parties, if the claims against one party have been finally determined and the district court makes "an express determination that there is no just reason for delay" in directing the clerk to enter judgment forthwith. Fed. R. Civ. P. 54(b); *see Info. Res. Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d. Cir. 2002).

As discussed below, this is a proper case for a Rule 54(b) certification because the Court's March 29, 2011 dismissal order finally disposes of all claims against Bank of America ("BOA") and there is no just reason to delay appellate review of this matter. "Because a judgment is eligible for Rule 54(b) certification where the claims for or against 'one or more but fewer than all . . . parties' are finally resolved, the District Court [is] free to consider certification." *State v. Amro Realty Corp.*, 936 F.2d 1420, 1424 (2d. Cir. 1991). Plaintiffs respectfully ask this Court to grant certification and direct entry of judgment under Rule 54(b) with regard to their claims against BOA, which have been dismissed in their entirety.

## II. PROCEDURAL BACKGROUND

Defrauded investors victimized by a Ponzi scheme orchestrated by Nicholas Cosmo ("Cosmo") filed two cases styled as *In re Agape Litigation*, 09-CV-1606 (the "Class Action Plaintiffs") and *Clarke v. Cosmo*, 09-CV-1782 (the "Clarke Plaintiffs" and, together with the Class Action Plaintiffs, collectively "Plaintiffs"). The lawsuits stated claims against various defendants alleged to be complicit in the fraudulent scheme. Bank of America was named as a defendant in each of these lawsuits. Plaintiffs contend that BOA aided and abetted Cosmo in orchestrating the fraud and breaching his fiduciary duties to investors.

Bank of America moved to dismiss the claims against it pursuant Federal Rules of Civil Procedure 12(b)(6) and 9(b) in *In re Agape Litigation* ("*Agape I*").  The Court granted BOA's motion on January 29, 2010 and afforded the Plaintiffs "one opportunity to amend" claims against BOA.  *See* 681 F. Supp. 2d 352, 371 (E.D.N.Y. 2010).  On March 31, 2010, the Class Action Plaintiffs filed a second amended complaint, and on April 6, 2010 the Clarke Plaintiffs filed their own second amended complaint (collectively, the "Second Amended Complaints").  The Second Amended Complaints asserted claims against BOA for aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and aiding and abetting conversion.

On April 30, 2010, BOA filed a motion to dismiss both Second Amended Complaints for failure to state a claim under Federal Rule of Civil Procedure 12(b) and for failure to plead with specificity under Federal Rule of Civil Procedure 9(b).  On March 29, 2011, the Court granted BOA's motions in their entirety and directed that BOA be removed from the caption in both cases, leaving only claims against other defendants pending for further litigation.  Dkt. No. 66, pp. 48-49.  Because all claims against BOA were dismissed, Rule 54(b) certification is appropriate in this case.

### III.     ARGUMENT

Federal Rule of Civil Procedure 54(b) allows a district court to direct the entry of final judgment as to fewer than all of the claims or parties "upon an express determination that there is no just reason for delay."  Fed. R. Civ. P. 54(b); *see Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 3 (1980). [1]  Because the Court disposed of Plaintiffs' entire case against one defendant – BOA – the Court now is "free to consider certification." *Amro Realty,* 936 F.2d at 1424.

---

[1]     The March 29, 2011 Order is a "'judgment' in the sense that it is a decision upon a cognizable claim for relief," and is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright,* 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)).

2

This Court's recent decision granting BOA's motion to dismiss leaves nothing for Plaintiffs to litigate further with respect to their claims against BOA. Specifically, the Second Amended Complaints alleged three aiding and abetting counts (for fraud, conversion, and breaches of fiduciary duties) against BOA and no other defendants, and all three of those claims have been dismissed. The Court's March 29, 2011 ruling explicitly dismissed all claims against BOA "in their entirety." Dkt. No. 66, pp. 48-49. The Court also instructed that BOA be deleted from the existing caption, but that all other defendants were to remain. "If the decision 'ends the litigation [of a claim] on the merits and leaves nothing for the court to do but execute the judgment' entered on that claim, then the decision is final." *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992). The Court's dismissal of BOA is clearly final, thereby making a Rule 54(b) request for certification ripe in this matter.

In light of this finality, there is no just reason to delay entry of final judgment on Plaintiffs' case against BOA. "The overall purpose of Rule 54(b) is to create an exception to the longstanding prudential policy against piecemeal appeals – and to permit district courts to determine that parties should, in certain circumstances, be exempted from the burden of awaiting the final outcome of a multi-party or multi-claim case." *Willhauck v. Halpin,* 953 F.2d 689, 701 (1st Cir. 1991); *see Curtiss-Wright*, 446 U.S. at 8. Dismissal of a defendant early in the case and on legal grounds unique to that defendant are the precise circumstances contemplated by Rule 54(b), in which certification for immediate appeal is particularly appropriate.

Where a defendant is dismissed early in the case, and an expensive and duplicative trial might be avoided without delaying prosecution of the surviving claims, a district court may properly find that there is no just reason for delay and direct entry of judgment as to that

3

defendant.[2]  "If the Court is incorrect in its determination that the allegations" against BOA are insufficient to state any claim against it, "a second trial and duplicative discovery may have to take place as to the erroneously dismissed defendant." *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 396-97 (S.D.N.Y. 2003).  "Such costly and duplicative proceedings can be avoided by a Court of Appeals ruling . . . prior to the completion of discovery and the trial with respect to the remaining defendants." *Id.*  Where one defendant is dismissed from a case on the basis of a legal question that the Court of Appeals can resolve, allowing it to do so "will serve the goal of judicial economy." *Id.* at 397.  On such a record, a Rule 54(b) certification is likely to "bring about a more expedious and just result for both the parties and the Court." *Id.*

The essential predicate of the Court's ruling dismissing all three aiding and abetting claims against BOA was the Court's conclusion that Plaintiffs have not alleged facts supporting a plausible inference that BOA had actual knowledge of the underlying Ponzi scheme orchestrated by Cosmo and the Agape defendants.  If the Court of Appeals were to reach a different conclusion on this issue, that determination would not affect Plaintiffs' claims against the remaining defendants, who are not banks and are not charged with aiding and abetting fraud, conversion, or breach of fiduciary duty in these cases.

Without Rule 54(b) certification, Plaintiffs' case against BOA languishes in a non-appealable, non-prosecutable limbo – with no opportunity for the Second Circuit to rule on an

---

[2]  *See Grand River Enters. Six Nation, Ltd. v. Pryor,* 425 F.3d 158, 165 (2d Cir. 2005) (Rule 54(b) motion properly granted where certification might avoid a duplicative trial); *Advanced Magnetics v. Bayfront Partners*, 106 F.3d 11, 17 (2d Cir. 1997) (certification proper because if plaintiff's claims are reinstated "it plainly will be more efficient for that reinstatement to occur in time for trial . . . for then only one jury, rather than two [] will be required to become familiar with the terms of and the events surrounding the defendants' [conduct]"); *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987) ("an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims"); *St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*, 884 F.2d 688, 694 (2d Cir. 1989) (a purpose of Rule 54(b) is to conserve judicial resources); *Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 70 (2d Cir. 1977); *Gordon v. Hunt*, 116 F.R.D. 313, 326 (S.D.N.Y. 1987) (Rule 54(b) certification granted where all claims against one defendant were dismissed because it would prevent plaintiffs from having to try their actions twice "in the event that the decision to dismiss [defendants] is reversed by [the 2nd Circuit]").

appeal until after the rest of the case has been prosecuted to a final judgment. Such delay would not be "'in the interest of sound judicial administration.'" *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears*, 351 U.S. at 437).

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court enter judgment on the dismissed case against BOA pursuant to Fed. R. Civ. P. 54(b), making an express determination that there is no just reason for delay and directing the Clerk to enter the judgment forthwith.

DATED: May 3, 2011

>                  */s/ Louis F. Burke*
>                  LOUIS F. BURKE
>
>
> LOUIS F. BURKE, P.C.
> LOUIS F. BURKE
> 460 Park Avenue, 21st Floor
> New York, NY:  10022
> Telephone:  212/682-1700
> 212/808-4280 (fax)

5

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
EDWARD KROUB
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

ZAMANSKY & ASSOCIATES LLC
JACOB H. ZAMANSKY
EDWARD H. GLENN, JR.
KEVIN D. GALBRAITH
50 Broadway, 32nd Floor
New York, NY 10004
Telephone: 212/742-1414
212/742-1177 (fax)

*Co-Lead Counsel for Plaintiffs*

BERK LAW PLLC
STEVEN N. BERK
1225 Fifteenth Street, NW
Washington, DC 20005
Telephone: 202/232-7550
202/232-7556 (fax)

BENJAMIN L. DEL VENTO, P.C.
BENJAMIN L. DEL VENTO
405 Northfield Avenue
West Orange, NJ 07052
Telephone: 973/736-8050
973/758-1802 (fax)

LAW OFFICE OF CHRISTOPHER J. GRAY, P.C.
CHRISTOPHER J. GRAY
460 Park Avenue, 21st Floor
New York, NY 10022
Telephone: 212/838-3221
212/937-3139 (fax)

SEEGER WEISS LLP
STEPHEN WEISS
SCOTT ALAN GEORGE
JONATHAN SHUB
One William Street
New York, NY  10004-2502
Telephone:  212/584-0700
212/584-0799 (fax)

7